UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JENA VOGT AND MICHAEL VOGT | CIVIL ACTION |
| VERSUS | NO. 23-1091 |
| THE WENDY'S COMPANY, ET AL. | SECTION "R" (4) |

## ORDER AND REASONS

Before the court is the complaint in intervention of the law firm Delise & Hall for attorneys' fees.[1] Because the Court lacks jurisdiction, the Court dismisses this case without prejudice.

## I. BACKGROUND

In March 2023, Jena and Michael Vogt entered a contingency fee contract with the law firm Delise & Hall to represent them in a suit against The Wendy's Company, Wendy's International, Inc., and Haza Foods of Louisiana.[2] On March 29, 2023, Delise & Hall filed a complaint on the Vogts' behalf asserting a state law claim of negligence and seeking damages for injuries arising from Jena Vogt's consumption of contaminated food purchased at a Wendy's Restaurant in St. Rose, Louisiana.[3]

---

[1]   R. Doc. 8.
[2]   *See* R. Docs. 25-1 & 31.
[3]   R. Doc. 1 at 2.

1

In July 2024, the parties entered a settlement agreement that resulted in the dismissal of the Vogts' claims.[4] Bobby J. Delise, an attorney with Delise & Hall, met with Jena and Michael Vogt to execute the receipt and release in connection with the settlement.[5] Delise & Hall contend that during this meeting, Jena and Michael Vogt signed the settlement sheet discharging Delise & Hall as their attorneys, agreed on the amount of fees and expenses, and authorized the dispersal of case expenses.[6] But Jena and Michael Vogt allegedly refused to authorize the dispersal of $37,363.00 in attorneys' fees.[7]

On August 1, 2024, Delise & Hall moved to intervene in this case to recover attorneys' fees under Federal Rule of Civil Procedure 24(a)(2), and deposited the settlement proceeds in the Registry of Court, minus case expenses that Jena and Michael Vogt had already agreed to disperse.[8] The Vogts contested the motion *pro se* and alleged that Delise & Hall failed to abide by the terms of their contract when calculating attorneys' fees and failed negotiate a Medicare lien, as the firm had allegedly promised.[9] Pursuant to Local Rule 72.1(A), the contested motion to intervene was

---

4   *See* R. Doc. 28.
5   R. Doc. 25-1 at 2.
6   *Id.*
7   *Id.*; *see* R. Doc. 23-2 at 1.
8   *See* R. Docs. 25 & 26.
9   *See* R. Doc. 27.

automatically referred to Magistrate Judge Karen Wells Roby, who granted the motion on September 26, 2024.[10] This Court dismissed the Vogts' claims against Wendy's Company, Wendy's International, Inc., and Haza Foods of Louisiana, LLC, on October 24, 2024.[11] Only Delise & Hall's intervention complaint for attorneys' fees remains outstanding.

## II. LAW AND ANALYSIS

Federal courts are courts of limited jurisdiction and possess power over only those cases authorized by the United States Constitution and federal statutes. *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996). Although not raised by the parties, the Court must first determine whether it has jurisdiction to consider the claim in intervention. *See Energy Mgmt. Corp. v. City of Shreveport*, 397 F.3d 297, 301 n.2 (5th Cir. 2005) ("[A] court has an obligation to consider possible objections to [its] jurisdiction *sua sponte*."); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001) (same). A district court has substantial authority "to weigh the evidence and satisfy itself as to the existence of its power to hear the case" when examining subject-matter jurisdiction absent a consideration of the merits of plaintiff's

---

[10] R. Doc. 30.
[11] R. Doc. 26.

cause of action. *Arena v. Graybar Elec. Co.*, 669 F.3d 214, 223 (5th Cir. 2012). Accordingly, the Court may consider matters outside the pleadings, such as testimony and affidavits. *See Superior MRI Servs., Inc. v. All. Healthcare Servs., Inc.*, 778 F.3d 502, 504 (5th Cir. 2015).

The Court's original jurisdiction over the claims in this case was based solely on diversity under 28 U.S.C. § 1332.[12] Diversity jurisdiction exists when the amount in controversy exceeds $75,000, and there is complete diversity between plaintiffs and defendants. *See* 28 U.S.C. § 1332(a); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). The original complaint asserted that Jena and Michael Vogt were citizens of Louisiana, that The Wendy's Company and Wendy's International, Inc. were incorporated in Delaware with principal places of business in Ohio, that Haza Foods of Louisiana, LLC was incorporated in Delaware with a principal place of business in Texas, and that the amount of controversy exceeded $75,000.[13] In its intervention complaint, Delise & Hall does not assert an independent jurisdictional basis for its Rule 24(a)(2) intervention. Moreover, according to the terms of the settlement sheet filed in the record, Delise & Hall seek unpaid attorneys' fees amounting to $37,363.00, less than the $75,000

---

[12]    R. Doc. 1 at 3.
[13]    R. Doc. 1 at 1.

amount in controversy required for diversity jurisdiction.[14] Therefore, on its face, Delise & Hall's intervention complaint does not meet the requirements of 28 U.S.C. § 1332.

If a district court has original jurisdiction over at least one claim in a case, it must look to what was traditionally known as "pendent" or "ancillary" jurisdiction to assess whether it has jurisdiction over any remaining claims over which it would otherwise lack jurisdiction. *Griffin v. Lee*, 621 F.3d 380, 384 (5th Cir. 2010). Congress codified these principles in the supplemental jurisdiction statute, 28 U.S.C. § 1367. Section 1367(a) provides:

> Except as provided in subsections (b) and (c) or as expressly provided by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of parties.

But Section 1367(b) provides an exception to this general rule:

> In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts shall not have supplemental jurisdiction under subsection (a) . . . over claims by persons . . . seeking to intervene as plaintiffs under Rule 24 of [the Federal Rules of Civil Procedure], when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.

---

[14]  R. Doc. 23-2 at 1.

Courts therefore do not have supplemental jurisdiction over claims by parties seeking to intervene in diversity cases if the intervention claims would not otherwise meet the requirements for diversity jurisdiction. *Griffin*, 621 F.3d at 386.

Original jurisdiction in this action was based solely on diversity jurisdiction,[15] and Delise & Hall intervened as plaintiffs under Rule 24.[16] *See id.* at 384 ("[I]t is more appropriate to align [intervenor] as a plaintiff with a claim against [a] co-Plaintiff . . . as to the amount of attorney's fees owed[.]"); *see also Samuels v. Twin City*, 602 F. App'x 209, 211 (5th Cir. 2015) ("[A]s an attorney who had previously represented the plaintiff, his claim for attorney's fees aligned him as a plaintiff . . . intervening under Rule 24."). But because the amount in controversy here is limited to $37,363.00 in disputed attorneys' fees, Delise & Hall's intervention claim fails to meet the jurisdictional requirements of 28 U.S.C. § 1332. *See Griffin*, 621 F.3d at 390 (remanding with instructions to dismiss counsel's intervention claim for $54,087.51 in unpaid attorneys' fees for lack of jurisdiction); *see also Samuels*, 602 F. App'x at 211 (affirming dismissal of intervention claim seeking "at most $48,711.00 in [litigation] costs and expenses, including [a]

---

15    *See* R. Doc. 1.
16    R. Doc. 30.

maximum possible 40% contingency fee" for lack of jurisdiction); *Causey v. State Farm*, No. 16-9660, 2018 WL 2980066, at *2 (E.D. La. June 14, 2018) (remanding an intervention claim to state court when "the entire amount of disputed attorneys' fees and costs at issue totals $61,702.15"). The Court therefore does not have jurisdiction over Delise & Hall's claims in intervention against Jena and Michael Vogt.

## III. CONCLUSION

For the foregoing reasons, the Court DISMISSES Delise & Hall's claims in intervention WITHOUT PREJUDICE for lack of subject-matter jurisdiction. The Court DISMISSES intervenor's motion for a scheduling conference as MOOT.[17]

New Orleans, Louisiana, this __10th__ day of February, 2025.

    _____
          SARAH S. VANCE
    UNITED STATES DISTRICT JUDGE

---

17      R. Doc. 35.

7